[No. B009920. Second Dist., Div. Six. Oct. 1, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
DEBRA ANN PRESLEY, Defendant and Appellant.

COUNSEL

Teri Schwartz, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Mark Alan Hart and Sharlene A. Honnaka, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ABBE, J.—Debra Ann Presley appeals from the judgment entered following a plea of guilty to the sale of phencyclidine (PCP). (Health & Saf. Code, § 11379.5.) She was sentenced to three years in the state prison and contends that the statutory ineligibility for probation pursuant to Penal Code section 1203.07, subdivision (a), subsections (5) and (6), constitutes cruel and unusual punishment in violation of the state Constitution. (Cal. Const., art. I, § 17.)

Appellant was originally charged with two counts of selling PCP. On October 3, 1984, appellant pled guilty to one count of sale of PCP, with the understanding that the remaining count would be dismissed in furtherance of justice at the sentencing hearing. Before pleading guilty, appellant was advised and personally acknowledged that she would be ineligible for

probation and could be sentenced to up to five years in the state prison as a consequence of the plea.

According to the preliminary hearing transcript, which formed the factual basis for the plea, a police informant made a controlled purchase from appellant of two Sherman brand cigarettes containing .829 and 1.008 grams, respectively, of PCP on July 16, 1984. On July 17, 1984, the same informant made a second controlled purchase from appellant of two Sherman brand cigarettes containing .339 and .294 grams, respectively, of PCP.

On October 26, 1984, appellant filed a "Notice of Motion and Motion to Determine the Constitutionality of [Pen. Code, § 1203.07, subds. (5) and (6)]" in which it was asserted that the prohibition against probation contained in those sections resulted in cruel and unusual punishment in violation of the state Constitution. At the hearing on the motion, a Ventura County deputy sheriff testified that only five milligrams of PCP was required to produce a narcotic effect on the user, and that PCP may store itself in the fat cells of the user's body "forever." Consequently, many years following its ingestion, fat cells in the user's body may continue to break off and reintroduce PCP into the blood system, causing intoxication.

According to the deputy, if PCP is ingested by a pregnant woman, the drug will attack the brain cells of the fetus, possibly causing brain damage or mutations. The use of PCP is additionally dangerous because PCP inhibits the body's ability to destroy or control dopamine, a chemical naturally found in the body which causes "suicidal tendencies, violent tendencies . . . low self esteem." In addition, PCP anesthetizes the body to a point where the user feels "absolutely zero pain." A person who uses PCP may thus appear to have "superhuman strength" because his or her body is immune to pain which would otherwise inhibit activities. At the conclusion of the hearing, the court found the statutory prohibition against probation upon conviction of sale of PCP to be constitutional.

At the sentencing hearing, the trial court indicated that it had read and considered the probation officer's report, which recited as factors in mitigation that appellant had no prior record, that she had voluntarily acknowledged wrongdoing at an early stage of the criminal process and that, although appellant was ineligible for probation, "but for that ineligibility, probation probably would have been recommended." The report stated that there were no factors in aggravation, and recommended that appellant be imprisoned for the lower term of three years. The court thereupon denied probation "for the reason that [appellant was] statutorily ineligible" and imposed the lower term of three years in state prison.

■    Appellant's contention that the statutory ineligibility for probation contained in Penal Code section 1203.07 constitutes cruel and unusual punishment is without merit. Although appellant had no prior criminal record, the sale of PCP is clearly an extremely dangerous crime which poses a great risk of serious bodily injury to the user, as well as society, even when ingested in extremely small quantities. (*In re Lynch* (1972) 8 Cal.3d 410, 425 [105 Cal.Rptr. 217, 503 P.2d 921]; cf. *People* v. *Madden* (1979) 98 Cal.App.3d 249, 255 [159 Cal.Rptr. 381].) A comparison of the instant offense to other drug-related offenses for which probation is also prohibited fails to establish that appellant's three-year state prison term was disproportionate to the crime. (*In re Lynch, supra,* 8 Cal.3d at p. 426; *People* v. *Main* (1984) 152 Cal.App.3d 686, 696 [199 Cal.Rptr. 683]; cf. *People* v. *Cortez* (1985) 166 Cal.App.3d 994, 1001 [212 Cal.Rptr. 692].) Furthermore, the mere fact that several other states do not prohibit probation for sale of PCP does not render California's statutory prohibition against probation cruel and unusual. (*In re Lynch, supra,* 8 Cal.3d at p. 427; *People* v. *Main, supra,* 152 Cal.App.3d at p. 696.)

The judgment is affirmed.

Stone, P. J., and Gilbert, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 18, 1985.